UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



September 24, 2018

Frederick A. Raab
Mignini, Raab & Demuth, LLP
606 Baltimore Ave., Ste. 100
Towson, MD 21204

Kavita Sahai
Special Assistant United States Attorney
6401 Security Boulevard, Room 617
Baltimore, MD 21235

Theodore A. Melanson
Mignini, Raab & Demuth, LLP
606 Baltimore Ave., Ste. 100
Towson, MD 21204

Subject: *Langenfelder v. Berryhill*[1]
Civil No.: 1:17-cv-02033-GLS

Dear Counsel:

Pending before this Court, by the parties' consent, are Plaintiff's and Defendant's respective Motions for Summary Judgment. (ECF Nos. 16, 19). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. L.R. 105.6. For the reasons set forth below, both Motions are DENIED and the SSA's judgment is remanded for further consideration.

I.   BACKGROUND

Plaintiff filed a Title II Application for a period of disability and disability insurance benefits on July 30, 2013, alleging that disability began on July 20, 2013. (Tr. 21). This claim was denied on February 11, 2014 and upon reconsideration on June 12, 2014. *Id.* Plaintiff filed a

---

[1]Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

written request for a hearing on June 18, 2014 and the hearing was conducted on February 20, 2016 by Administrative Law Judge ("ALJ") Andrea McBarnette. *Id.* The ALJ decided that Plaintiff was not disabled from July 20, 2013 under sections 216(i) and 223(d) of the Social Security Act. *Id.* The Appeals Council denied Plaintiff's request for review and the ALJ's opinion became the final and reviewable decision of the SSA on June 19, 2017. (Tr. 1).

In her Motion for Summary Judgment, Plaintiff asserts that the ALJ's decision at step four of the sequential evaluation process was not supported by substantial evidence because the ALJ failed to consider whether the work claimant performed was done under special conditions pursuant to 20 C.F.R. § 404.1573. (ECF No. 16 at 8). Defendant argues in its Motion for Summary Judgment that the ALJ properly considered any special conditions that Plaintiff received in her past work and thus the ALJ's step four determination was supported by substantial evidence. (ECF No. 19 at 5).

## II. DISCUSSION

If a claimant's work activity is done under special conditions, an ALJ may properly find that it does not show that claimant has the ability to do substantial gainful activity ("SGA"). 20 C.F.R. § 404.1573(c). If claimant was forced to stop or reduce her work because of the removal of the special conditions that were related to her impairment and essential to your work, an ALJ may find that her work does not show that she is able to do SGA. *Id.* Examples of special conditions that may relate to a claimant's impairment(s) include situations where claimant was allowed to work irregular hours or take frequent rest periods; where claimant was able to work only because of specially arranged circumstances, where claimant was permitted to work at a lower standard of productivity or efficiency than other employees; or where claimant was given the opportunity to work despite claimant's impairment because of a family relationship. *Id.*

In *Young v. Comm'r Soc. Sec*, this Court found in part that the ALJ's failure to consider whether the plaintiff's previous part time employment was done under special conditions pursuant to 20 C.F.R. § 404.1573(c) required remand for further review. *Young v. Comm'r Soc. Sec*, Civ. No. 17-0375, 2017 WL 4642011, at *2 (D. Md. Oct. 17, 2017). Because 20 CFR 404.1573(c) provides that an ALJ may still find that a claimant has the ability to perform at the SGA level even if the work was in fact done under special conditions, there must be some "objective corroboration of record from the claimant's employer(s) or elsewhere demonstrating that the claimant did not have the necessary skills and ability to work during the alleged closed period" to disturb the ALJ's decision. *Proffitt v. Colvin*, No. 15-CV-493, 2017 WL 536076, at *4 (W.D. Va. Jan. 24, 2017).

Like in *Young*, I find that the ALJ here did not sufficiently examine whether claimant worked under any special conditions. *Young,* 2017 WL 4642011, at *2. Here, Plaintiff argues that the ALJ did not consider whether that claimant's past work as a secretary in her father's business was performed under special conditions that accommodated her impairments. (ECF No. 16 at 8). The ALJ found that claimant was paid at SGA level since at least the mid–1990s and that "it was not entirely clear what, if any, accommodations were made for claimant to

complete her work. (Tr. 26). This finding seems inconsistent with the record where claimant states specifically that she lost her job because her father, who was her employer, died. (Tr. 39). I find that the record further shows that her father allowed her to work irregular hours and not work on days she felt unwell. (Tr. 45). Claimant also states that the job was at the house she has lived in her entire life and that the sole reason her father gave her a secretary position in his paving business was because of her impairment. (Tr. 50–51).

These findings suggest that Plaintiff received some accommodation due to her impairment. This case is distinguishable from *Proffitt*, where the ALJ also considered the plaintiff's testimony as to his special accommodations, but noted that because there was no objective evidence in the record supporting that contention, the ALJ's decision must be affirmed. *Proffitt*, 2017 WL 536076, at *4. Here, I find that there is objective evidence in the record that could support a conclusion that Plaintiff's work as a secretary in her father's business was due to accommodations being provided to her and thus Plaintiff's work activity does not show an ability to perform at the SGA level. (Tr. 45–47, 50–51). The ALJ's decision therefore must be remanded for further explanation on this point. In remanding, the Court expresses no opinion as to whether the ALJ's ultimate conclusion on whether to award benefits is correct or incorrect.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 16), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 19), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Date:  September 24, 2018     Sincerely,


　　　　　　　　　　　　　　　　　　　　/s/

　　　　　　　　　　　　　　　　　　　　The Honorable Gina L. Simms
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge